No. 83-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

JAMES P. LIDDELL, JR.,

        Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        W. Corbin Howard argued, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Jim Scheier, Asst. Atty. General, Helena, Montana
        Harold Hanser, County Attorney, Billings, Montana
        Charles A. Bradley argued, Deputy County Attorney,
        Billings, Montana

Submitted:    February 27, 1984

Decided:    July 10, 1984

Filed:   JUL 10 1984

*Ethel M. Harrison*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant James Liddell was convicted of sexual intercourse without consent following a jury trial in the District Court of Yellowstone County. He appeals from the judgment entered therein. We affirm.

Liddell claims that he and the victim had been acquainted for some time. He maintains that prior to the night in question she had accepted long distance collect calls from him and had agreed to let him stay with her the night of the incident. Liddell also states that he and the victim had sexual intercourse on a prior occasion and that she consented again to sexual intercourse on the night in question. He claims she later accused him of rape only because he indicated he was not going to leave his girlfriend for her.

The victim maintains that she was acquainted with Liddell but had never had sexual intercourse with him prior to the night in question.

When Liddell called her prior to returning to Billings for a doctor's appointment, she stated that she invited him to her home for the purpose of asking him in person to leave her alone. She maintained that on previous occasions he had expressed an interest in getting to know her and that she was not interested.

Subsequent to the telephone call, but prior to Liddell's arrival, the victim's employer spoke with her and she told him what she planned. He indicated that perhaps it was not such a good idea to have invited Liddell over and recommended that she either leave or pretend not to be at home. The victim followed her employer's advice and pretend-

ed not to be at home. However, Liddell called out that he knew she was inside so she let him in.

She maintains that she and Liddell talked for some time and that he attempted to kiss and hold her. She reminded him that he had a girlfriend and asked him to leave. Liddell eventually became angry, pulled her into the bedroom and raped her.

I

Liddell raises the following specifications of error:

1. Refusal to instruct the jury to consider the testimony of the victim with caution;

2. Admitting evidence regarding the mental state of the victim;

3. Permitting Marjene Tower to express her opinion that the victim had been raped;

4. Improperly limiting cross-examination of the prosecution witnesses;

5. Permitting the prosecution to endorse an additional expert witness on the day of trial;

6. Refusing to compel the prosecution to permit the victim to be examined by a defense expert; and,

7. Permitting the prosecution to introduce evidence of other crimes, wrongs or acts.

II

The first specification of error is whether the Court should have instructed the jury to examine the testimony of the victim with caution.

Liddell's counsel offered, and the court refused, the following instruction:

3

"You are instructed that a charge such as that made against the Defendant in this case is one which is easily made, and once made, difficult to defend against, even if the person accused is innocent. Therefore, the law requires that you examine the testimony of the female person named in the information with caution."

The State offered the following instruction which was given:

"You are instructed that the charge of Sexual Intercourse Without Consent (Felony) is easy to make, difficult to prove and more difficult to disprove, and in considering a case of this kind, it is the duty of the jury to carefully and deliberately consider, compare, and weigh all testimony, facts, and circumstances bearing on the act complained of, and the utmost care, intelligence, and freedom from bias should be exercised by the jury in its consideration thereof."

Appellant maintains that the State's instruction was inadequate because it instructed the jury to carefully consider all testimony as opposed to his proposed instruction which required special examination of only the victim's testimony.

Liddell contends that under the holding of State v. Smith (Mont. 1980) , 609 P.2d 696, 37 St.Rep. 583, a court is required to give the cautionary instruction that the charge is easily made and difficult to defend against when "[t]he evidence clearly meets the standard of private malice, desire for revenge and absence of corroboration on the critical matters of consent . . ."

The instruction offered by the defense in Smith, but refused by the court, is as follows:

"You are instructed that in considering the evidence herein you should consider that the crime of sexual intercourse without consent is one that is easy to charge and difficult to refute."

4

The instruction given to the jury by the court in <u>Smith</u> stated:

> "While it is true that a conviction of rape depends upon the credibility of the primary witnesses, the accuser and the accused, a conviction of sexual intercourse without consent may be had based solely on the uncorroborated testimony of the prosecutrix."

This Court held it was reversible error not to give the cautionary instruction that rape is easy to charge and difficult to refute under the circumstances described in <u>Smith</u>. 609 P.2d at 699. There is no holding in <u>Smith</u> that the jury should also be instructed to view the testimony of the victim alone with caution.

Section 26-1-303, MCA, deals with instructions to juries on how to evaluate evidence. It states, in part, as follows:

> ". . . The jury is to be instructed by the court on all proper occasions that:
>
> "(1) their power of judging the effect of evidence is not arbitrary but to be exercised with legal discretion and in subordination to the rules of evidence;
>
> "(2) they are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in their minds, against a less number or against a presumption or other evidence satisfying their minds;
>
> "(3) a witness false in one part of his testimony is to be distrusted in others;
>
> "(4) the testimony of a person legally accountable for the acts of the accused ought to be viewed with distrust;
>
> "(5) if weaker and less satisfactory evidence is offered and it appears that it is within the power of the party to offer stronger and more satisfactory evidence, the evidence offered should be viewed with distrust."

There is no provision which states that the testimony of a rape victim should be viewed with caution nor is there provision for the statement that the charge is one easily made and difficult to defend against. In this case, defendant testified that the act was consensual but when he refused to leave his girlfriend for her, the victim got angry. The implication is that she was motivated by malice to allege a false charge.

The victim told a different story. Experts were called and testified as to their opinions. The charge was fully explored by the prosecutor and defense counsel, and the case was submitted to the jury. A cautionary instruction was given but not the specific cautionary instruction requested by the defendant. We find that both the instruction offered but refused and the one given were in error. To state in a jury instruction that the charge is easily made but difficult to defend against is a comment on the evidence which is required neither by law nor public policy and therefore improper. In addition, it would have further compounded the error for the court to have further instructed the jury that the testimony of the victim should be considered with more caution than any other witness. However, this the District Court refused to do.

While the court did improperly instruct the jury that the charge was easily made and difficult to defend against, the error was prejudicial to the State and not to the defendant. Therefore, we find no reason to disturb the verdict based on this specification of error, and we hereby specifically overrule State v. Smith, supra. We hold that a cautionary instruction that rape is easy to allege and difficult to defend against, or one calling for instructing the jury to

view the victim's testimony with caution is an improper and unwarranted comment on the evidence and is not required under the law or by reason of public policy. Therefore, such an instruction should not be given.

## III

The second specification of error is whether the District Court erred in admitting evidence regarding the mental state of the victim. This is closely related to the third specification of error as to whether Marjene Tower, a psychiatric nurse, should have been permitted to testify that the disabilities suffered by the victim, including acute depression and severe headaches requiring hospitalization, were caused by the rape.

Defense counsel argues that such testimony was improper because such opinion testimony was not a proper subject for expert testimony under Rule 702, Mont.R.Evid.; the factual and opinion testimony was highly prejudicial to the defendant; the testimony caused confusion and misled the jury; the evidence was not a proper subject for expert opinion; and Tower was not qualified to render an opinion as to Liddell's state of mind.

The victim, Dr. Van Dyk, Cheri Frankel, a psychological counselor, and Marjene Tower, a psychiatric nurse, all testified that the victim suffered from severe headaches which required hospitalization. There was further testimony that rape caused this post-traumatic stress syndrome in the victim.

Defense counsel argues that evidence regarding rape-trauma syndrome is not admissible because it is evidence regarding the mental state of the victim. Defense argues

7

that the Minnesota courts do not allow evidence of rape-trauma syndrome and Montana also should not allow such testimony. The State, however, argues that Minnesota is the only state that has ruled on the admission of rape-trauma syndrome and not allowed it. A number of jurisdictions have permitted such testimony including Kansas (State v. Marks (Kan. 1982), 647 P.2d 1292), Iowa (State v. Miller (1962), 254 Iowa 545, 117 N.W.2d 447), Michigan (People v. LaPorte (1981), 103 Mich. App. 444, 303 N.W.2d 22), and Washington (State v. Ring (1959), 54 Wash.2d 250, 339 P.2d 461).

A particularly good discussion of rape-trauma syndrome is found in the Kansas case, State v. Marks, supra. In that case the court held:

> "The identification of rape trauma syndrome is a relatively new psychiatric development. Even so, if the presence of rape trauma syndrome is detectable and reliable as evidence that a forcible assault did take place, it is relevant when a defendant argues the victim consented to sexual intercourse. As such an expert's opinion does not invade the province of the jury. It is merely offered as any other evidence, with the expert subject to cross-examination and the jury left to determine its weight." State v. Marks, 647 P.2d at 1299.

We agree with the holding of the Kansas court. Pyschiatric testimony is admissible to aid a jury in determining whether there was consent to engage in a sexual act which all parties agree occurred. It remains up to the jury to determine whether the evidence is credible.

Such evidence is admissible under Rule 702, Mont.R.Evid. That rule states, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

8

experience, training, or education may testify thereto in the form of an opinion or otherwise." (Emphasis added.) In this case the fact in issue is whether there was consent to sexual intercourse. The evidence of experts regarding the presence of rape-trauma syndrome may assist the jury in resolving that question. Therefore, the evidence is admissible.

The testimony is not, as defense counsel maintains, improper because it is testimony dealing with the mental state of the victim. The testimony does not purport to show the victim's mental state at the time of the event. It reflects the manifestations of distress which may be exhibited by a person who has been subjected to severe trauma. Rape is only one such severe trauma which can cause the symptoms. We believe that skilled direct and cross-examination of an expert in this area can assist the jury in determining whether, in fact, the victim consented to the act.

We do not agree with defense counsel that such evidence confused and misled the jury, nor that such testimony could potentially confuse and mislead. Any relevant evidence which tends to support the existence or nonexistence of a fact in issue can only aid the jury determination, not mislead and confuse.

There is, however, no doubt, as defense counsel argues, that the opinion evidence was prejudicial to defendant. Evidence which supports the State's case generally is. We cannot require the State to meet its burden of proof and yet not allow the State to offer evidence which is prejudicial to the defendant. Such a ruling would both be absurd and also paralyze the criminal justice system in this state.

Defense counsel also argues that to allow testimony of the rape-trauma syndrome experienced by the victim was

improper because it in effect allowed testimony of the <u>defendant's</u> state of mind at the time of the act. We hold that testimony regarding the victim's disabilities is admissible and does not reflect on the defendant's state of mind.

Given all of the above factors, we find that expert testimony regarding the post-traumatic stress disorder known as rape-trauma syndrome is admissible and that the District Court did not err in allowing such testimony.

## IV

The next specification of error deals with the question of whether the District Court improperly limited cross-examination of the victim and expert witnesses Ms. Frankel and Dr. Van Dyke. We find no merit in this argument.

Defense counsel contends that the symptoms suffered by the victim arose not after the incident but after she was confronted by a co-worker and questioned. The defense sought to prove that the incident at work and not the sexual attack caused her disability. The record is clear that the victim reported that she suffered from the post-trauma symptoms before the incident occurred at work. It also shows that the questioning by the co-worker could have intensified her condition. But given the testimony that the symptoms were reported before the incident with the co-worker, that incident was irrelevant in terms of the cause of the symptoms and questioning along that line was properly limited. We find, therefore, that there was no improper limiting of cross-examination.

V

The next specification of error deals with whether the District Court erred in allowing the prosecution to endorse an additional witness, Ms. Frankel, on the day of trial.

The record shows Ms. Frankel assisted Dr. Van Dyk in his treatment of the victim. Dr. Van Dyk was identified to the defense as a prosecution witness. The defense was aware of Dr. Van Dyk's need for Ms. Frankel's assistance in treating the victim due to the lack of rapport between Van Dyk and the victim. The defense knew of Ms. Frankel's role in counseling the victim and had interviewed her prior to trial. As expected, Ms. Frankel's testimony dealt with her role in counseling the victim and the post-trauma stress syndrome suffered by the victim.

If defense counsel believed that her endorsement left him inadequately prepared to conduct the defense, he should have petitioned the court for a continuance. This he failed to do.

It is discretionary with the District Court to allow additional witnesses, State v. McKenzie (Mont. 1980), 608 P.2d 428, 37 St.Rep. 325, and under the circumstances we find no error in endorsing Ms. Frankel as an additional witness on the day of the trial.

VI

The next specification of error is whether the District Court erred by refusing to compel the victim to be examined by defendant's psychologist.

There is no legal authority for such a procedure. Rule 35(a), M.R.Civ.P., allows for a mental or physical examination by a physician when the mental or physcial condition of

11

a party is in controversy. The victim in this matter is a witness, not a party to this action. The issue in this matter was whether the sexual intercourse was effected against her will and without her consent.

The rape-trauma syndrome evidence was admissible as evidence relevant to the question of whether there had or had not been intercourse without the victim's consent. The act was at issue, not the victim's state of mind. Since the victim was a witness and not a party, and since her state of mind was not at issue, it was proper for the District Court to refuse to order her examination by defendant's psychologist. To hold otherwise would permit the defense to try the victim of the crime and divert the jury's attention from the primary issue--the guilt or innocence of the defendant.


VII

The final issue is whether the District Court erred in permitting the prosecution to introduce evidence of other crimes, wrongs or acts.

The defense maintains that the State's examination regarding Liddell's reason for being in Billings allowed the State to imply to the jury that defendant is a violent man. Such is simply not the case. The transcript shows that Liddell was asked how he received his wrist injury:

> "A.  I fell through a plate window.
>
> "Q.  What precipitated your falling through a plate window?
>
> "A.  This guy jumped on me.
>
> "Q.  You were in a fight?
>
> "A.  I wouldn't call it a fight.  Self-defense.
>
> "Q.  Where did this occur?

"A. Kon's Supermarket on the south side.

"Q. Did [the victim] know you had received this injury in this fashion?

"A. No, she did not."

The testimony hardly creates the impression of a violent man. It was simply a small portion of the questioning designed to elicit Liddell's reason for being in Billings on the night in question. The testimony was merely an insignificant portion of the recounting of events and the error, if any, is harmless.

Defense counsel also maintains that the prosecution introduced evidence of Liddell smoking half a marijuana cigarette at the victim's residence shortly prior to the act charged. Defense maintains this was an impermissible introduction of evidence of other crimes. The State responds that the victim departed from the established time sequence in her testimony and "blurted out" the marijuana testimony. This response is verified by the transcript. Further, the State did not pursue that topic in depth in direct examination nor did it attempt to introduce the remains of the marijuana cigarette recovered from Liddell at the time of arrest. In addition, the District Court gave the following cautionary instruction:

> "You are instructed that the allegation
> of marijuana used by the defendant within
> the testimony of the prosecutrix has not
> been proved and should not be considered
> by you in arriving at your decision in
> this case."

Under the above circumstances, we find that the evidence of the marijuana cigarette was harmless, and defendant was not prejudiced by this incidental reference in the victim's testimony regarding the events of the evening.

Affirmed.

_____
Chief Justice

13

We concur:

_John Conway Harrison_

_[signature]_

_[signature line]_

_A. C. [signature]_ ,

Justices

14

Mr. Justice Frank B. Morrison, Jr. respectfully dissents as follows:

Expert testimony regarding "post rape syndrome" is troublesome. Such testimony seems to be a comment on the credibility of another witness. If it is to be allowed then full opportunity must be accorded the defendant to rebut the testimony. This would necessarily involve permitting a doctor or other qualified person to examine the alleged victim and provide the same opportunity for testimony as is given to the prosecution.

Therefore, I would hold that it was error to deny the defendant an opportunity for an expert examination of the alleged victim, with an opportunity to rebut the testimony offered by the prosecution.

_____
Justice

Mr. Justice Daniel J. Shea:

I join in the dissent of Mr. Justice Morrison.

_____
Justice

Justice John C. Sheehy, concurring and dissenting:

I concur in the result in this case, and with what Justice Morrison says in his special concurrence, but dissent from what the majority holds on two issues:

1. The Smith Instruction.

The majority overreaches the issues in summarily setting aside our approval of the instruction in State v. Smith (1980), ___ Mont. ___, 609 P.2d 696. The state is not appealing the instruction, and the overruling of Smith disregards possible cases of prosecutrix malice, to which Smith applied.

2. Cross-examination of the psychiatrist and the nurse.

I think the District Court unfairly limited the cross-examination of the states' psychiatric witness and of Marjene Tower, the nurse. Post-rape trauma syndrome is far from scientific exactitude. The majority permits such evidence on the basis that "skilled direct and cross-examination" will limit the possibilities for error. Under Rule 705, Montana Rules of Evidence, an expert may be cross-examined on the basis of his opinion, including admissible and non-admissible grounds. The District Court did not permit the kind of full cross-examination that the post-rape trauma syndrome demanded in this case.

I concur in the result here because the Smith instruction ruling does not affect Liddell's case on appeal, and because I find the jury decided the issue on a test of credibility between him and the prosecutrix which was not substantially aided by the testimony of the psychiatrist and the nurse.

_____
John C. Sheehy
            Justice

- 16 -