MR. JUSTICE SHEEHY,
dissenting:
I dissent on at least two grounds.
First, I do not agree that the District Court properly excluded evidence of the changing theories of the crime committed, as shown by the amendments to the information. This conviction depended on the credibility of the State’s witnesses. The amendments tend to show the inconsistency of the facts being reported to the State by these witnesses. If the variance in the reports being given to the State by the witnesses are of such gravity that the State must withdraw some criminal charges and insert others in their place, the jury in its search for truth should be allowed to know that.
Second, I want to disagree with the majority handling of the Smith instruction, although I agree the instruction was not appropriate in this case. The majority, though, relies on State v. Liddell [211 Mont. 180,] 685 P.2d 918. (83-276). Montana Supreme Court, decided July 10, 1984), for the proposition that the Smith instruction is improper. The Smith instruction was not raised as an issue by the defendant in Liddell; this Court gratuitously undertook to wipe it out. Here the principle of Smith does not apply. There is *302 no victim malice involved and there is corroborative testimony.