No. 84-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

MARTIN DOUGLAS MENDENHALL,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Margaret L. Borg argued, Missoula, Montana

      For Respondent:

          Hon. Mike Greely, Attorney General, Helena, Montana
James McLean argued, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana
Ed McLean argued, Deputy County Attorney, Missoula

_____

Submitted:  October 22, 1985

Decided:  December 31, 1985

Filed:  DEC 31 1985

_____
                      Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal of a conviction from the District Court of the Fourth Judicial District, Missoula County, Montana. Following a jury trial, Martin Douglas Mendenhall was found guilty of sexual intercourse without consent, in violation of § 45-5-503, MCA, and was sentenced to the maximum twenty years in the Montana State Prison. He was given an additional ten years, to be served consecutively, as a persistent felony offender. He was designated a non-dangerous offender, but must serve his sentence without benefit of parole. We affirm.

The sixteen year old victim was raped the evening of January 6, 1984, while walking alone on a Missoula street. She identified her attacker as Martin Mendenhall, a man she did not know. Mendenhall denied attacking the victim claiming he was not in the vicinity at the time.

Mendenhall claims denial of his Sixth Amendment right to confront witnesses because of the court's refusal to furnish him with the victim's Youth Court record, St. Patrick Hospital's and Shodair Children's Hospital's treatment records for use on cross-examination, and by the court's refusal to give certain of his jury instructions.

The Sixth Amendment guarantees the right of an accused to "be confronted with the witnesses against him," and this right is guaranteed to defendants in state proceedings as well as federal proceedings. Pointer v. Texas (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

The release of hospital treatment records for use on cross-examination is a question of first impression in Montana. There are two pertinent statutes, however:

2

> Privileged information-exemption from compulsory legal process. (1) Except as provided in subsection (2), confidential health care information is not subject to compulsory legal process in any type of proceeding, including any pretrial or other preliminary proceedings, and a person or his authorized reprensentative may refuse to disclose and may prevent a witness from disclosing confidential health care information in any proceeding. . .

Section 50-16-314, MCA.

> Records of chemically dependent persons, intoxicated persons, and family members. (1) The registration and other records of treatment facilities shall remain confidential and are privileged to the patient. . .

Section 53-24-306, MCA.

The victim had been a patient for a short time in the adolescent chemical dependency treatment program at Shodair Children's Hospital in Helena, Montana. Mendenhall argues access to these treatment records, as well as Youth Court and other hospital records was necessary to building a defense because examination of them would be a foundation for an expert in the field of chemical dependency to testify as to the victim's possible biases, prejudices or ulterior motives which might surface in her testimony against Mendenhall. Mendenhall relies heavily on Davis v. Alaska (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 and State v. Camitsch (Mont. 1981), 626 P.2d 1250, 38 St.Rep. 563. These cases, however, can be distinguished.

Although Davis supports the Sixth Amendment right to confront witnesses, the witness in Davis, on probation for burglary, had a possible motive for testifying because of his probationary status. This could be brought out only on cross-examination. The records in Davis were criminal records. The witness was not the victim. In the case at bar the witness is the victim. The records requested are not

only Youth Court records, but hospital records, which are protected by statute.

The _Davis_ court acknowledged a state interest in protecting the anonymity of a juvenile offender. Nevertheless, the confrontation clause requires a criminal defendant be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias. The confrontation clause does not require a criminal defendant be allowed to impeach the credibility of a victim by compromising the confidentiality of medical treatment or Youth Court records. The Mendenhall jury was aware the victim had a drinking problem and was at liberty to determine its effect on her credibility as a witness.

Mendenhall's reliance on State v. Camitsch, supra, is likewise misplaced. Although the defendant's motion in _Camitsch_ was expressly based on a desire to examine records for information he could use to challenge the witnesses' testimonial competency and to impeach their credibility, the witnesses were not victims and the records were not hospital records. This Court's said refusal of the district judge to allow defendant's counsel to examine Youth Court records of complaining witnesses for evidence bearing on the competency and veracity of those witnesses denied the defendant the right to confront the witnesses against him and was error. 626 P.2d at 1255. Subsequent review of the records, however, convinced the Court the error was harmless. In the instant case the district judge examined the records in camera and determined they were not relevant to the proceedings. We agree.

Failure of the District Court to allow Mendenhall to inspect the victim's hospital and Youth Court records does not prejudice his Sixth Amendment right. The evidence

against Mendenhall is overwhelming. The victim described the unknown defendant in detail, identified him easily in photo and live line-ups, easily identified his car, his boots, the location of the attack, and the tracks in the area. A piece of vinyl from his car seat was found on her buttocks. His blood matched the semen found in her vaginal cavity. His hair matched those foreign hairs found in her pubic area.

Camitsch "confine[s] the permissible use of . . . juvenile records to demonstrating, by cross examination, a witnesses' bias, prejudice, or motive." At 1256. Mendenhall has not shown how use of the records could have demonstrated this, nor how he could have built a defense based on their use. The victim's competency is not an issue. As noted above, the jury was aware of the victim's drinking problem and was free to determine its effect on her credibility.

The documents in question in this case were medical treatment records. Some of them were released to the Youth Court by Shodair Hospital pursuant to a waiver executed by the victim's mother. She specifically denied any further waiver of the privilege. The documents cannot be used by the defendant in his attempt to impeach the credibility of the victim. They are protected by statute.

Not being requested to do so, the Court leaves unanswered under what circumstances such records might be released. Under these facts the records cannot be released. Defendant's Sixth Amendment right to confront witnesses is not infringed. Confrontation means more than being allowed to confront the witness physically. " . . .[C]ases construing the [confrontation] clause hold that a primary interest secured by it is the right of cross-examination." Douglas v. Alabama (1965), 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934, 937. Mendenhall had adequate

5

opportunity to cross-examine the victim in an effort to damage her credibility as a witness.

Mendenhall's second argument on appeal is whether the denial of two of his proposed jury instructions constitutes error. The argument is without merit. Proposed instruction No. 12 could not be given because of the court's refusal to allow inspection of the medical and court records. In fact, defendant's counsel agreed there was no testimony to support proposed instruction No. 12:

> A witness may be impeached, that is discredited, in one of the following two ways: (1) by evidence that at some previous time the witness has said or done something inconsistent with his or her testimony in court, or (2) by proof that the witness has a bad character for truth and veracity in the community in which he or she lives.
>
> If you believe that a witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

In any event a similar instruction was given. Proposed instruction No. 1 was also properly refused:

> You are instructed that a charge such as that made against the defendant in this case is one which is easily made, and once made, difficult to defend against, even if the person accused is innocent.
>
> Therefore, the law requires that you examine the testimony of the complaining witness in this case, [the victim's name], with caution, and be satisfied that the allegations made by her are true and accurate beyond a reasonable doubt, before you convict the defendant on the basis of her testimony.

Mendenhall was unable to establish a motive for the complaining witness to fabricate, and there was considerable corroborative evidence. Subsequent to this trial the Court handed down State v. Liddell (Mont. 1984), 685 P.2d 918, 41 St.Rep. 1293, holding:

6

> . . . that a cautionary instruction that
> rape is easy to allege and difficult to
> defend against, or one calling for
> instructing the jury to view the victim's
> testimony with caution is an improper and
> unwarranted comment on the evidence and
> is not required under the law or by
> reason of public policy. Therefore, such
> an instruction should not be given.

685 P.2d at 922, 41 St.Rep. at 1297. This holding adequately supports the propriety of denying Mendenhall's proposed jury instruction No. 1.

The conviction of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices