No. 88-29

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

            Plaintiff and Respondent,

    -vs-

CARL ESSIE JOHNSON,

            Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
            In and for the County of Cascade,
            The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Peter Funk, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls, Montana
        Stephen Hagerman & Kim Schulke, Deputy County Attorneys

Submitted on Briefs: July 21, 1988

Decided: September 1, 1988

Filed: SEP 1 1988

*Ethel M. Harrison*

_____
Clerk

defendant became unconscious. Ms. Shippers ran to the nearby apartment of a friend and notified the police. She led the police back to the defendant's apartment where he was found still unconscious. An ambulance was called for the defendant and the police also took Ms. Shippers to the hospital for examination and treatment.

At trial, Ms. Shippers identified the defendant as her attacker and described the events of January 4, 1987, in detail. There were no eyewitnesses to the crimes, although the State called a number of witnesses who corroborated the details of Ms. Shippers' story. David Cowden, the friend to whom Ms. Shippers fled, testified as to her condition upon arriving at his home. The prosecution presented testimony with regard to the examination of Ms. Shippers and samples of hair, swabs, saliva, and blood as part of a rape examination kit. In addition, an FBI laboratory agent testified that the hairs taken from various pieces of evidence matched those of the defendant and the victim.

Mr. Johnson did not call any witnesses or present any evidence in his defense. Rather, defense counsel's closing argument was based solely upon the failure of the State to present sufficient evidence to prove its case beyond a reasonable doubt. During the State's final closing argument, the following discussion took place before the jury:

Prosecution: Also remember that while the State of Montana produces evidence, it's under no obligation to produce all the evidence. And, moreover, while the State can subpoena Mr. Podolak from Washington, D.C. and all the other witnesses, the defense has the same opportunity . . .

Defense: I object. The defendant is not required to produce any evidence. I ask the jury to be instructed that

3

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The defendant, Carl E. Johnson, appeals his conviction and sentence entered by the District Court of the Eighth Judicial District, Cascade County. The jury found Mr. Johnson guilty of aggravated kidnapping, felony assault, sexual intercourse without consent, and aggravated burglary. He was sentenced to life imprisonment without possibility for parole, and received a total of 130 years to run consecutively, plus an additional 100 years as a persistent felony offender. We affirm the conviction.

The single issue for our consideration is whether the burden of proof was impermissibly shifted to the defendant by the denial of defendant's motion for a mistrial following the comments of the deputy county attorney during closing argument.

The uncontradicted testimony of Holly Shippers established that on January 4, 1987, she was awakened at approximately 4 a.m. She heard the striking of a match. When she turned on the light she discovered Mr. Johnson standing in the doorway of her bedroom. After Ms. Shippers screamed, the defendant jumped on top of her, held a knife to her throat, and told her to shut up. The testimony of Ms. Shippers established that the defendant then committed rape upon her by forcing her to engage in oral sex and sexual intercourse. The defendant then forced Ms. Shippers into her own automobile and drove her to his own apartment. Over the course of the next several hours, the defendant again repeatedly raped Ms. Shippers by forcing her to engage in sexual intercourse and oral sex. Later the defendant told Ms. Shippers that it was "time for one of us to die." The defendant went into the bathroom and returned with several pills which he swallowed. After requiring Ms. Shippers to write out a will for him, the

that's clearly an erroneous statement.

The Court: Don't talk about what they are supposed to do or can do. Don't talk about their power of subpoena, because I have given an instruction.

Prosecution: On the defendant not testifying, and we cannot comment on that.

The Court: But I am giving an instruction that the defendant need not prove his innocence.

Prosecution: That's correct.

The Court: Don't get into any question about their power of subpoenaing witnesses. The objection is sustained.

Defense: Thank you.

The Court: And I want the jury to be admonished to disregard any remarks by Mr. Hagerman about the defendant's right to subpoena witnesses from Washington, D.C. or any where else.

Prosecution: Suffice it to say that the State of Montana doesn't have to produce all of the evidence that there may be in the case.

In chambers the defendant moved for mistrial and the District Court denied that motion. The defendant appeals that denial.

Did the District Court properly deny defendant's motion for a mistrial in light of the prosecutor's comments made during his closing argument?

The prohibition against a prosecutor's comments on the defendant's failure to testify is contained in Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and Chapman v. California (1967), 386 U.S. 18, 87 S.Ct.

4

824, 17 L.Ed.2d 705. The holdings in Griffin and Chapman form the foundation for the Montana cases which have considered the same issue. As pointed out in State v. Gladue (Mont. 1984), 677 P.2d 1028, 41 St.Rep. 249:

> In Griffin v. California . . . the United States Supreme Court set aside a judgment of conviction holding that the federal constitution "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

677 P.2d at 1031.

In Gladue, this Court also discussed the qualification placed on Griffin by the U.S. Supreme Court in the Chapman case:

> The Chapman court adopted the position that it would not adopt a per se rule, and that instead it would look at such cases where error occurred and determine, "that before a federal constitutional issue can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

677 P.2d at 1031. This Court concluded that because the Court was unable to determine beyond a reasonable doubt that the prosecutor's comments did not contribute to the verdict against Gladue, the conviction should be reversed.

In State v. Wilkins (Mont. 1987), 746 P.2d 588, 44 St.Rep. 1794, applying the same rationale, this Court concluded that the District Court's comments had the effect of focusing the jury's attentions on the defendant's silence at a late stage and that the court was not convinced the curative instruction had remedied the error. The Court noted that in order to rebut the presumption, the State must prove beyond a reasonable doubt that the error did not taint the conviction, citing Gladue.

5

In State v. Gonyea (Mont. 1987), 730 P.2d 424, 44 St.Rep. 39, the same standards were applied. After a careful consideration of the entire transcript, the Court concluded that the comments were harmless beyond a reasonable doubt.

We conclude that the comments by the prosecution were improper in several respects. We agree with the District Court that it was not proper for the prosecution initially to comment on the defendant's opportunity to subpoena witnesses. Next counsel referred to the fact that he could not comment on the defendant not testifying. While that remark undoubtedly was inadvertent, it was not proper. Last the prosecution reemphasized that the State did not have to produce "all the evidence." That comment could have been construed by the jury to again suggest that the defendant somehow had failed in his duty to present a case to them. The record does not suggest an intentional comment on the accused's silence. Nonetheless we conclude that the remarks clearly were objectionable.

The State's evidence, which we will review further, was direct and compelling, with no significant contradictory evidence. Given the strength of the State's case, there was clearly no need for any comments of this nature. Before considering the effect of these objectionable remarks in the present case, we wish to make a comment for the benefit of the prosecution in other criminal cases. <u>Do</u> <u>not</u> <u>comment</u>, <u>even</u> <u>indirectly</u>, <u>on</u> <u>the</u> <u>silence</u> <u>of</u> <u>the</u> <u>accused</u>.

Because we find the remarks to be objectionable, we must next consider the <u>Chapman</u> rule to determine if the error was harmless beyond a reasonable doubt. The testimony submitted by the State, including the extensive and unrebutted testimony of Ms. Shippers, clearly established the commission of the crimes by the defendant. Because of the revolting nature of the evidence, we have not discussed it at length. However,

6

we wish to emphasize that the evidence of guilt was overwhelming. Even the circumstantial corroborating evidence was uncontradicted. In addition, the District Court gave numerous instructions during the course of the trial concerning the State's burden of proof. The admonition of the jury immediately following the prosecutor's remark demonstrates the trial court's efforts to impress upon the jury the right of the defendant to remain silent and not to present any evidence. We therefore conclude that the evidence was so overwhelming that the comments can be classed as harmless beyond a reasonable doubt. We hold that the District Court's denial of the motion for mistrial was proper.

We affirm the conviction of Mr. Johnson.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices