NO. 94-025

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

GRANT HILDRETH,

       Defendant and Appellant.


APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Beaverhead,
               The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Michael Donahoe, Attorney at Law, Helena,
          Montana

       For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, Pamela P.
          Collins, Assistant Attorney General, Helena, Montana

          Thomas R. Scott, County Attorney, Calvin J. Erb,
          Deputy, Dillon, Montana


**FILED**

NOV 1 1994

Filed: *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 6, 1994

Decided:  November 1, 1994

_____
              Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury verdict from the Fifth Judicial District, Beaverhead County, finding appellant Grant Hildreth guilty of sexual assault, a felony, in violation of § 45-5-502, MCA. Hildreth appeals his conviction and the District Court's denial of a motion for new trial. We affirm.

Hildreth raises several issues on appeal, which we consolidate and restate as follows:

1. Did the District Court err by failing to hold an omnibus hearing?

2. Did the District Court err in instructing the jury that the State was not required to establish the date of the offense with exact precision?

3. Did the District Court err by allowing the State to call certain rebuttal witnesses?

4. Did the District Court err by denying Hildreth's motion in limine in the presence of the jury?

5. Did Hildreth receive ineffective assistance of counsel?

6. Is Hildreth entitled to a new trial based on the State's attempt to offer inadmissible hearsay evidence?

7. Is Hildreth entitled to a new trial based on the doctrine of cumulative error?

In the fall of 1989, in an effort to improve her algebra grades, K.D. began tutoring sessions with her cousin, Grant Hildreth. At the time, K.D. was a fifteen-year-old high school

sophomore and Hildreth was 'a 26-year-old attending college. The weekly tutoring/study sessions began in early October 1989. The sessions were held in the evenings at the college Hildreth attended.

The night before K.D.'s Chapter Four algebra test, on or about November 16, 1989, Hildreth picked up K.D., and they drove to the college and studied from approximately 8 p.m. to approximately 9:30 p.m. At about 9:30 p.m., Hildreth left the study room to get a drink. When he did not return, K.D. went down the hall to look for him.

K.D. testified at trial that she found Hildreth down the hall, and that he then asked to give her a back rub. K.D. said that she was hesitant and Hildreth grabbed her arm. K.D. does not remember how she got to the floor, only that she was lying face down on the floor with Hildreth rubbing her back. K.D. testified that Hildreth then lifted her shirt over her head and attempted to undo her bra. They struggled over the bra. Holding her down with his hand, Hildreth succeeded in removing her bra and, while sitting on her back, pulled off her pants. K.D. testified that after throwing her clothing into a hallway, Hildreth then undid his pants and began moving his penis up and down on top of her, eventually ejaculating on her buttocks.

K.D. testified that later, after Hildreth drove her home, she washed, but was too embarrassed to tell her parents. At trial, K.D. testified that Hildreth later apologized and suggested that she go to her bishop and repent because he had gone to his bishop

3

and talked to him about what happened.

In August of 1990, **K.D.'s** parents learned of the incident through two letters written by K.D. which her father inadvertently found in her room. The letters described what was going on in **K.D.'s** life, and what Hildreth was doing to her. During trial, K.D. testified about several other incidents where Hildreth had subjected her to similar sexual assaults.

After initially thinking that the situation could be handled by the family or through a Later Day Saints church procedure, **K.D.'s** parents eventually went to the authorities. Hildreth was charged, by information dated July 9, 1991, with sexual assault, a felony. A two-day trial was held in which Hildreth raised an alibi defense, saying he was attending his own birthday party on November 16, 1989. At the close of trial, the jury returned a guilty verdict on the felony sexual assault charge. The District Court deferred imposition of sentence for six years upon certain terms and conditions. Execution of sentence was stayed pending **Hildreth's** motion for a new trial. The court denied the motion, and the stay of execution was vacated.

I

Did the District Court err by failing to hold an omnibus hearing?

Pursuant to **§ 46-13-110(1),** MCA, an omnibus hearing must be held in criminal cases at least 30 days before trial. In this case, no omnibus hearing was held. Hildreth claims that this was prejudicial error since: defense counsel was given 20 days instead

4

of 30 days notice that the state intended to introduce "other bad acts" evidence: defense counsel did not have an opportunity to argue that evidence of K.D.'s prior sexual misconduct should be admitted; and the defense was surprised by the State's attempt to introduce certain physical evidence.

On appeal, this Court will not reverse the district court unless the record shows that the error was prejudicial. See § 46-20-701(1), MCA. We hold that Hildreth was not prejudiced by the lack of an omnibus hearing.

First, Hildreth notes that one of the purposes of an omnibus hearing is to discuss the use of other bad acts evidence. See § 46-13-110(3)(h), MCA. The other acts in question were the other sexual assaults which K.D. claimed Hildreth committed. Hildreth claims that he was prejudiced because without the omnibus hearing, he did not have 30 days to prepare for the use of other bad acts evidence. Hildreth's claim of prejudice is unpersuasive since the State gave Hildreth notice of its intent to use other bad acts evidence pursuant to the demands of State v. Just (1979), 184 Mont. 262, 273, 602 P.2d 957, 963; as modified by State v. Matt (1991), 249 Mont. 136, 142, 814 P.2d 52, 56. The State gave Hildreth this Just notice 20 days before trial. Thus, Hildreth had 20 days to prepare for the use of the evidence. We hold that, even without the omnibus hearing, Hildreth had ample notice of the State's intention to use other bad acts evidence, and opportunity to prepare for such evidence.

Next, Hildreth claims that the lack of an omnibus hearing

deprived him of the opportunity to argue that evidence of K.D.'s sexual misconduct should have been admitted. Montana's rape shield law only allows testimony regarding the victim's prior sexual conduct when the prior sexual activity was with the offender, or to show the origin of semen, pregnancy, or disease when it is at issue in the prosecution. See § 45-5-511(2), MCA. Hildreth contends that counsel could have argued that the statute is unconstitutional as it abridges the Sixth Amendment right to confront witnesses.

This Court has recognized that there may be instances where the defense can question the victim about prior sexual accusations. State v. Van Pelt (1991), 247 Mont. 99, 104, 805 P.2d 549, 552-53. In Van Pelt, this Court recognized that a defendant could cross-examine the victim where there was evidence of prior accusations which have been adjudicated as false. Van Pelt, 805 P.2d at 552-53. Prior accusations which have not been adjudicated as false will not be admitted, so as to preserve the integrity of the trial: this limitation is not an infringement upon a defendant's right of confrontation. Van Pelt, 805 P.2d at 552-53; citing State v. Anderson (1984), 211Mont. 272, 284-85, 686 P.2d 193, 200. The Van Pelt exception to the rape shield law does not apply here. Hildreth does not claim that K.D. made accusations that had been adjudicated as false before his trial. Thus, Hildreth was not prejudiced by being unable to make this argument at an omnibus hearing.

Finally, Hildreth asserts that he was prejudiced because he was surprised at trial by the State's attempt to introduce into

6

evidence some of **K.D.'s** clothing.  At trial, Hildreth objected because the State failed to produce this evidence prior to trial. The court sustained this objection, and the physical evidence was excluded.  We hold that Hildreth was not prejudiced by the lack of an omnibus hearing.

II

Did the District Court err by instructing the jury that the State was not required to establish the date of the offense with exact precision?

At trial, Hildreth offered as an alibi his contention that on November 16, 1989, he was attending his own birthday party held one day after his actual birthday.  The District Court gave the following jury instruction:

> You are instructed that when the alleged victim for the offense is a child, the State is not required to establish the date of the alleged offense with exact precision.  It is sufficient that the State has proved that on or about the 16th day of November, 1989, the alleged offense was in fact committed.

Hildreth argues that the District Court effectively amended the charge against him by giving the challenged instruction. Hildreth points to the State's affidavit for leave to file an information which states that the offense occurred on November 16, 1989, rather than on or about November 16, 1989.  However, the information filed against him states that the offense occurred on or about November 16, 1989.  The information itself, not the affidavit supporting leave to file an information, is the charging document.  **See** §§ 46-11-101 and 46-11-102, MCA.  The court's instruction did not amend the information as to the approximate

7

date of the offense; rather it mirrored it. We hold that the District Court did not amend the charge against Hildreth by giving the disputed instruction.

Next, Hildreth argues that the District Court impermissibly undermined his alibi defense by giving the challenged instruction. We previously examined whether time becomes a material element of the offense charged when the defendant raises an alibi defense. See State v. Shaver (1988), 233 Mont. 438, 760 P.2d 1230. In Shaver, the defendant planned to rely on an alibi defense. There was a discrepancy between the time the information stated the offense occurred and the time the victim testified that it occurred. The discrepancy in time between the charging document and the victim's testimony was over a month. Shaver, 760 P.2d at 1232. In upholding the defendant's conviction, this Court stated that: "Defendant cannot restrict the state's case by merely asserting intent to rely on an alibi defense for a limited period of time within which the crime could have occurred." Shaver, 760 P.2d at 1234-35; citing State v. Clark (1984), 209 Mont. 473, 483, 682 P.2d 1339, 1344.

In the present case, the discrepancy between the approximate date of the offense given in the information and the approximate date K.D. testified to is a few days at most. Since we allowed testimony in Shaver with a greater discrepancy, the instruction here is certainly proper. We hold that, even though Hildreth asserted an alibi defense, the disputed instruction the District Court gave is the correct statement of the law for this case. We

hold that the District court did not err by giving the disputed instruction.

III

Did the District Court err by allowing the State to call certain rebuttal witnesses?

In rebuttal, the State called three witnesses. Hildreth contends that these witnesses were called to rebut his alibi defense. Section 46-15-322(6), MCA, states that when witnesses will be called to rebut an alibi defense, the prosecution must give the defense written notice of the witnesses and their statements five days in advance of trial.

It appears that two of the State's three rebuttal witnesses were called to impeach Hildreth's witnesses, not rebut his alibi defense. Hildreth's mother had testified that she was at Hildreth's birthday party on November 16, 1989. One of the State's rebuttal witnesses, who kept records for Hildreth's parents' bowling league, testified that Hildreth's mother called sometime after Hildreth was charged and said that Hildreth was bowling with her on November 16, 1989. Another witness testified that Hildreth's mother made statements to the witness that were inconsistent with her trial testimony: these statements did not involve the alibi defense, and are discussed in part V of this opinion.

Finally, the State called Deputy Keith Reeder in rebuttal. It appears that the State attempted to solicit testimony from Deputy Reeder that would rebut Hildreth's alibi defense in violation of

9

the notice requirements contained in § 46-15-322(6), MCA. However, this Court will only reverse prejudicial error. See § 46-20-701(1), MCA. Hildreth objected to Deputy Reeder's testimony at trial, the court sustained the objection, and Reeder then stepped down (Reeder's rebuttal testimony is further discussed in part VI of this opinion). We hold that Hildreth was not prejudiced by the testimony of the rebuttal witnesses.

IV

Did the District Court err by denying Hildreth's motion in limine in the presence of the jury?

Just before the State began to question K.D. about similar sexual assaults by Hildreth, the court ruled against Hildreth's motion in limine to exclude such evidence. The court also cautioned the jury that it could not consider the evidence to prove Hildreth's character in order to show he acted in conformity with that character in the charged offense. Hildreth contends that by ruling on the motion in limine in the jury's presence, the court improperly commented on the evidence.

In support of this contention, Hildreth cites State v. Liddell (1984), 211 Mont. 180, 685 P.2d 918. In Liddell, the defendant was charged with sexual intercourse without consent. Liddell, 685 P.2d at 920. The court instructed the jury that the charge in question was easily made and difficult to defend. Liddell, 685 P.2d at 921. This Court held that the instruction was an improper comment on the evidence which was not required by law or public policy. Liddell, 685 P.2d at 922.

10

_Liddell_ is inapplicable to the present case. The court's statement in _Liddell_ was an obvious comment on the evidence: here, the court's statement was not. Hildreth claims that by ruling on the motion in front of the jury, the court drew attention to the evidence. The record does not support Hildreth's contention. The court simply stated that it was ruling against Hildreth's motion _in limine_ at that stage of the trial, and then properly cautioned the jurors on the use of the evidence. **See** Rule 404(b), **M.R.Evid.** These statements do not rise to the level of improper comment on the evidence. We therefore hold that the District Court did not err by denying Hildreth's motion _in limine_ in the presence of the jury.

V

Did Hildreth receive ineffective assistance of counsel?

Hildreth alleges several instances of error committed by trial counsel which, Hildreth claims, rise to ineffective assistance of counsel. This Court reviews ineffective assistance of counsel claims using the two prong test set forth in Strickland v. Washington **(1984),** 466 U.S. 668, 80 **L.Ed.2d** 674, 104 S.Ct. 2052. State v. McLain **(1991),** 249 Mont. 242, 244-45, 815 **P.2d** 147, 149. For an ineffective assistance of counsel argument to succeed, we require that the appellant show that counsel's performance was deficient, and that the deficient performance prejudiced the appellant to such a degree that the appellant was denied a fair trial. McLain, 815 **P.2d** at 149; citing State v. Boyer **(1985),** 215 Mont. 143, 695 **P.2d** 829. Also, the appellant must establish

11

prejudice, which requires. that he demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. State v. Kolberg (1990), 241 Mont. 105, 109, 785 P.2d 702, 704.

Hildreth first claims that his trial counsel was ineffective because counsel did not attempt to introduce evidence of the victim's prior sexual misconduct. In part I of this opinion, we held that the Van Pelt exception to Montana's rape shield law was inapplicable here; as a result, evidence of the victim's prior sexual conduct would not have been admissible. Thus, Hildreth does not demonstrate ineffective assistance of counsel through counsel's failure to attempt to introduce evidence of K.D.'s prior sexual misconduct.

Next Hildreth argues that his trial counsel erred by: allegedly opening the door to evidence of Hildreth's prior bad acts, failing to request a lesser included offense instruction, and allegedly arguing a consent defense in closing argument. Upon review of the record, it appears that these actions were taken for strategic reasons. While Hildreth's appellate counsel may not agree with these actions, we have held that we will not test trial counsel's adequacy by the greater sophistication of appellate counsel, nor by that counsel's unrivaled opportunity to study the record at leisure and cite different tactics of perhaps dubious efficacy. State v. Langford (1991), 248 Mont. 420, 433, 813 P.2d 936, 946; citing State v. Martz (1988), 233 Mont. 136, 140, 760 P.2d 65, 68. We hold that these alleged deficiencies do not amount

12

to ineffective assistance of-counsel.

Hildreth further argues that his trial counsel was deficient because counsel failed to move for a mistrial when the State offered some of K.D.'s clothing into evidence. When the State attempted to offer this evidence, Hildreth's counsel objected on the grounds that this evidence had not been disclosed. The court sustained the objection, the items were not introduced into evidence, and the court admonished the jury to disregard the offered evidence.

In order to grant a mistrial, the moving party must demonstrate manifest necessity coupled with the denial of a fair and impartial trial. State v. Benton (1992), 251 Mont. 401, 404, 825 P.2d 565, 567. This Court has held that the failure to object does not constitute ineffective assistance of counsel where the objection lacks merit and would have been properly overruled. State v. Rodgers (1993), 257 Mont. 413, 421, 849 P.2d 1028, 1033. A mistrial would not have been properly granted in this case if it were requested as Hildreth could show neither manifest necessity nor denial of a fair trial. Thus trial counsel's failure to request a mistrial does not amount to ineffective assistance of counsel.

Finally, Hildreth asserts that counsel's failure to object to hearsay evidence offered in rebuttal amounted to ineffective assistance. We disagree. During the defense's case-in-chief, Hildreth's mother denied going to K.D.'s home and making certain statements to K.D.'s mother. In rebuttal, K.D.'s mother testified

13

that Hildreth's mother did indeed make these statements. The rebuttal testimony was admissible hearsay as prior inconsistent statements. See Rule 801(d)(l), M.R.Evid. An objection to this evidence would not have been properly sustained; thus, the failure to object does not amount to ineffective assistance of counsel. Rogers, 849 P.2d at1033. We hold that Hildreth received effective assistance of counsel.

VI

Is Hildreth entitled to a new trial based on the State's attempt to offer inadmissible hearsay evidence?

During rebuttal, the State called Deputy Keith Reeder to testify. Deputy Reeder testified that he had spoken with a church elder who had attended Hildreth's birthday party in November of 1989. The State then asked Deputy Reeder if the elder had told him when the party occurred. Defense counsel objected to the question as hearsay, and the court sustained the objection. However, it appears that before Hildreth's counsel objected, Deputy Reeder was able to respond that the elder said he had attended the party on the fifteenth. Hildreth claims that this attempt to put the objectionable testimony into evidence amounted to prosecutorial misconduct.

We have long held that we will not presume prejudice in criminal cases; prejudice must appear from the denial or invasion of a substantial right from which the law imputes prejudice. State v. Rhyne (1992), 253 Mont. 513, 525, 833 P.2d 1112, 1120; citing State v. Miller (1988), 231 Mont. 497, 507, 757 P.2d 1275, 1281.

14

Our modern cases dealing with prosecutorial misconduct have generally come in the form of the prosecutor making comments on the evidence or comments on the defendant's failure to testify. See Rhyne, 833 P.2d at 1120; State v. Newman (1990), 242 Mont. 315, 325, 790 P.2d 971, 977; State v. Johnson (1988), 233 Mont. 473, 477, 760 P.2d 760, 762.

In the older cases Hildreth cites, this Court found that it was prosecutorial misconduct for the State to knowingly ask a series of objectionable questions to more than one witness. See State v. Jones (1914), 48 Mont. 505, 517, 139 P. 441, 445; State v. Kanakaris (1917), 54 Mont. 180, 184, 169 P. 42, 44. In the present case, the State asked a single objectionable question of a single rebuttal witness. This does not amount to prosecutorial misconduct. In addition, in Hhvne when determining whether the conduct was prejudicial, we found it significant that the defendant successfully objected, but did not request the court to admonish the jury or give a cautionary instruction, or request a mistrial. Rhyne, 833 P.2d at 1120.

Here, Hildreth successfully objected to the hearsay testimony. Again, we find it significant that Hildreth did not request the court to admonish the jury or give a cautionary instruction, or request a mistrial. We hold that Hildreth does not demonstrate that one of his substantial rights was prejudiced by prosecutorial misconduct.

VII

Is Hildreth entitled to a new trial based on the doctrine of

15

cumulative error?

Hildreth finally argues that this Court should reverse his conviction on the basis of cumulative error. The doctrine of cumulative error has been considered when numerous errors prejudice the defendant's right to a fair trial. State v. **Ottwell (1989)**, 239 Mont. 150, 157, 779 **P.2d** 500, 504.

In the present case, the only errors committed were that the District Court failed to hold an omnibus hearing and the State attempted to use a witness to rebut **Hildreth's** alibi without giving Hildreth the proper notice. We held that those errors did not prejudice Hildreth. Accordingly, we hold that the doctrine of cumulative error does not apply in this case.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

16

November 1, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Vincent J. Kozakiewicz
Attorney at Law
P.O. Box 588
Dillon, MT 59725

Michael Donahoe
Attorney at Law
P.O. Box 5
Helena, MT 59624

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Thomas R. Scott, County Attorney
Calvin J. Erb, Deputy
2 So. Pacific, CL #2
Dillon, MT 59725

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy